UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
ALEXANDER MCCRAY,

                          Plaintiff,       **COMPLAINT**

         -against-

                                       **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, NYPD P.O. JOHN/JANE
DOES #1-5; individual defendants sued in
their individual and official capacities,

                        Defendants.
----------------------------------------- X

## PRELIMINARY STATEMENT

       1.   This is a civil rights, common law, and tort
action in which plaintiff seeks relief for the violation of his
rights secured by the laws of the State of New York; New York
State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth,
Fifth, Sixth, and Fourteenth Amendments to the United States
Constitution.  Plaintiff's claims arise from an incident that
arose on or about November 20, 2015.  During the incident, The
City of New York, and members of the New York City Police
Department ("NYPD") subjected plaintiff to, among other things,
assault, battery, unreasonable force, failure to intervene, and
respondeat superior liability.  Plaintiff seeks compensatory and
punitive damages from the individual defendants, compensatory
damages from the municipal defendant, declaratory relief, an
award of costs and attorney's fees, and such other and further
relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   Within 90 days of the incidents alleged in this complaint, plaintiff served upon defendant The City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose and the items of damages or injuries claimed.

3.   More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant the City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.   This action is being commenced within one year and ninety days of the date of the occurrence herein.

5.   Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

6.   Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and New York County is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

7.   Defendant The City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8.    Police Officers P.O. John Does # 1-5 are NYPD Police Officers, employed in Transit Bureau Manhattan, Transit District 2 or another as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

9.    The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

10.   On November 20, 2015, at and in the vicinity of the West 4th Street, Subway Station, A, C and E Lines, New York, New York, in New York County, defendant Police Officers, acting in concert and at times independently, committed the following illegal acts against plaintiff.

11.   On November 20, 2015, at approximately 8:00 p.m. at and in the vicinity of the West 4th Street, Subway Station, A, C and E Lines, New York, New York, in New York County, plaintiff was walking towards a flight of stairs.

12.   One of officers, defendants P.O. John Does #1-5, who upon information and belief was also known as "Rickie", grabbed plaintiff, pushed plaintiff, and knocked him down the stairs.

13.   Upon information and belief, while plaintiff was at the bottom of the stairs defendants P.O. John Does #1-5, including "Rickie", beat plaintiff.

14.   Plaintiff was knocked unconscious and suffered serious injuries.

15.   Plaintiff was taken to Bellevue Hospital where he was handcuffed to a bed.

16.   Plaintiff was in the hospital for approximately three weeks. The officers who did not touch plaintiff did nothing to stop this beating.

17.   Upon information and belief, once plaintiff was in the hospital, "Rickie" apologized to plaintiff.

18.   In order to cover up their misconduct, upon information and belief, defendants P.O. John Does #1-5, including "Rickie", prepared false reports and made false statements stating that plaintiff had lost his footing.

19.   The defendants acted under the pretense and color of the law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

20.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

21.   Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

#### (ASSAULT)

22.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

23.   Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

24.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

### SECOND CLAIM

#### (BATTERY)

25.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

26.   Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

27.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

### THIRD CLAIM

#### (UNREASONABLE FORCE)

28.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

29.  The individual defendants' use of force upon plaintiff was objectively unreasonable.

30.  The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

31.  Those defendants who did not touch the plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

32.  Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

#### (FAILURE TO INTERVENE)

33.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34.  Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

35.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (NEGLIGENCE AND GROSS NEGLIGENCE)

36.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

## SIXTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

38.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

40.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

41.   The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's

physical safety, or caused the plaintiff to fear for his own safety.

## SEVENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES)

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD and its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its police officers.

## EIGHTH CLAIM

### (MONELL CLAIM)

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

46.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

47.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

48.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

49.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in

continuation of its illegal custom, practice, and/or policy)
would stop, arrest, and prosecute innocent individuals, based on
pretexts and false evidence.

50.   The existence of the aforesaid unconstitutional
customs and policies may be inferred from repeated occurrences
of similar wrongful conduct involving the individual defendants,
placing the defendant City of New York on notice of the
individual defendants' propensity to violate the rights of
individuals.

51.   In addition to frequently violating the civil
rights of countless residents of New York City, numerous members
of the NYPD commit crimes.  Officers have been arrested and
convicted of such crimes as planting evidence on suspects,
falsifying police reports, perjury, corruption, theft, selling
narcotics, smuggling firearms, robbery, fixing tickets, driving
under the influence of alcohol, vehicular homicide, assault, and
domestic violence.  In fact, former NYPD Commissioner Bernard
Kerik was convicted of corruption-related crimes in federal and
state courts and served time in federal prison.  In 2011,
Brooklyn South Narcotics Officer Jerry Bowens was convicted of
murder and attempted murder in Supreme Court, Kings County,
while under indictment for corruption and is presently serving a
life sentence.  In 2011, Police Officer William Eiseman and his
subordinate Police Officer Michael Carsey were convicted of

felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments.  In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

52.  The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

53.  The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

54.  The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## NINTH CLAIM

### (RESPONDEAT SUPERIOR)

55.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56.  The individual defendants were acting within the scope of their employment as New York City Police Officers when

they committed the above described acts against plaintiff,
including assaulting, and battering plaintiff.

57.   The City of New York is therefore vicariously
liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and judgment
and compensatory damages, individually and/or collectively in an
amount that exceeds the jurisdiction of all lower courts that
would otherwise have jurisdiction as to the above-stated cause
of action against all defendants; punitive damages in an amount
to be determined at trial as and for the above-stated causes of
action against the individual defendants; together with costs
and disbursements of this action and legal fees pursuant to 42
U.S.C. § 1988; and such other and further relief as this Court
may deem just and proper, including injunctive and declaratory
relief; and such other and further relief as this Court may deem
just and proper, including injunctive and declaratory relief.

DATED:   New York, New York
         February 16, 2016

                              ADAMS & COMMISSIONG LLP,
                              *Attorneys for Plaintiff*
                              65 Broadway Suite 715
                              New York, New York 10006
                              212-430-6590
                              martin@amcmlaw.com

                              By:

                              _____
                              MARTIN E. ADAMS, ESQ.